## STATE v. CASON.

### SYLLABUS BY THE COURT.

1.   The corpus delicti in larceny is constituted of two elements, that the property was lost by the owner, and that it was lost by a felonious taking.                              P. 78

2.   In a trial for the larceny of neat cattle, evidence that tended to establish the identity of the cattle, their ownership in the person from whom their taking is charged to be larcenous by the indictment, and the possession of the cattle by the defendant is enough to make out a prima facie case of guilt and establish the corpus delicti.                              P. 79

3.   An instruction that proof of a duly recorded brand is prima facie evidence that the person named in the certificate was the owner of said brand prior to the date of the recording of the same is not erroneous.                              P. 81

4.   Where there is substantial evidence to support the verdict of the jury, it will not be disturbed on appeal.                              P. 82

Appeal from District Court, Grant County; Neblett, Judge.

Arnold Cason was convicted of the larceny and branding of cattle, and he appeals.   Affirmed.

Terrell & Black, of Silver City, for appellant.

Evidence failed to establish corpus delicti.   25 Cyc. 120.

Certificate of brand is not prima facie evidence that person named therein was owner of the same.

Terr. v. Meredith, 14 N. M. 291; Chestnut v. People, 42 Pac. 659; 2 Cyc. 325.

R. H. Crews, Assistant Attorney General, for the State.

Certificate of brand is prima facie evidence that person named therein was owner thereof at date of recording.

Terr. v. Meredith, 14 N. M. 291.

### OPINION OF THE COURT.

HANNA, C. J. The appellant, Arnold Cason, was tried at the March, 1916, term of the district court of Grant county under an indictment charging larceny of four head of cattle, the property of H. G. Gabilando. and the defacing, or what is commonly called the burning, of a certain brand upon the four head of cattle referred to. The facts, so far as need be stated, are that Gabilando was the owner of a certain ranch in the state of Arizona, not far distant from the New Mexico boundary, and had upon the ranch in Arizona and in New Mexico a considerable herd of cattle. His brand was commonly known as the swastika, which was not recorded in the state of New Mexico until after the larceny of the cattle referred to. The evidence discloses the fact that Gabilando had been using this brand for some years prior to having it recorded in this state. In the summer or fall of the year 1914 the appellant, Arnold. Cason, was found in Grant county in the possession, and claiming to be the owner, of some five or six head of cattle branded with Cason's brand, which was known as the window sash. The prosecution showed that the cattle in question were originally branded with the swastika brand which had been changed into the window sash brand. The appellant was found guilty as charged, and sentenced to a term in the state penitentiary of from three to five years and the payment of a fine of $500, with costs, from which judgment he has prayed this appeal.

[1] Numerous assignments of error have been taken, but only those presented by appellant's brief will be considered in the order submitted; the first being that the

evidence wholly fails to establish the corpus delicti of the crime charged. The corpus delicti in larceny is constituted of two elements, that the property was lost by the owner, and that it was lost by a felonious taking. 17 R. C. L. 64. Appellant urges that the indictment lays the ownership of the cattle in H. B. Gabilando, and that the only evidence supporting this ownership was a certified copy of his recorded brand. Gabilando's brand, as set out in the indictment and as proven by the certified copy of his brand, and commonly known as the swastika brand, is made as follows:

It is contended by the appellant that the only evidence that any specific brand had been changed or altered, or as to any prior brand on the cattle in question, was that a brand made thus, had been changed so as to make it appear as the window sash brand which is made as follows:

[2] Appellant contends that there was no substantial evidence, or any evidence whatever, that the cattle ever belonged to or had been taken from the owner alleged in the indictment. The record, however, discloses that the appellant was found in possession of some five or six head of cattle, all of which were branded with this brand, i. e., the window sash, which he at that time claimed to own.

Witnesses for the state, with one exception, testified that the cattle were originally branded with the swastika, and that the later brand had been burned or changed into the window sash. The ownership of the swastika brand was proven not only by the certificate of registration, but also by the witness, Parks, who testified that he had known Gabilando for some years, and that his brand was the swastika brand. It is true the witnesses for the state made the so-called swastika brand in a different way from that set out in the brand certificate, but this discrepancy in the evidence was corrected by recalling the witness Parks, and by him proving the correct way in which the brand should be made, which was, it appears, as alleged in the indictment, and as it appears in the certificate of brand

filed as the State's Exhibit E. The discrepancy in the making of the so-called swastika brand was a natural one, and even though it had not been corrected, it is doubtful if the jury would have been misled by the difference in the testimony in this regard, as the brand was universally identified by all the witnesses as the swastika brand.

In the case of Territory of New Mexico v. Valles, 15 N. M. 229, 103 Pac. 984, our territorial Supreme Court held that in a trial for the larceny of a mule testimony that tended to establish the identity of the mule, its ownership by the prosecuting witness, and the possession of the mule by the defendant was enough to make out a prima facie case of guilt. We therefore conclude, applying this rule to the case at bar, that in a trial for the larceny of neat cattle evidence that tended to establish the identity of the cattle, their ownership in the person from whom their taking is charged to be larcenous by the indictment, and the possession of the cattle by the defendant is enough to make out a prima facie case of guilt and establish the corpus delicti.

The second point presented is that there was a fatal variance between the allegation of the first and seventh counts of the indictment as to the ownership of the cattle in question, and the evidence of ownership submitted by the prosecution. It is asserted that the only evidence submitted by the state to support the allegations of the indictment that Gabilando was the owner of the cattle, which were the subject of the larceny, was the certificate of the recorded brand of Gabilando and the drawing of the brand by the witness Parks. We have already pointed out the discrepancy in this evidence, and there might be some merit in the objection urged had not the court permitted the recall of the witness Parks, to correct the matter by drawing the swastika brand, which was introduced as State's Exhibit H, and from which it clearly appears that the brand testified to as the swastika brand was the same brand set out in the indictment and in the certificate of brand heretofore referred to. We therefore find that there was no variance between the allegations in the indictment and proof offered.

State v. Cason, 23 N. M. 77.

This leads us to the next point urged by appellant, which is that the court committed error in not sustaining appellant's objection to the state's motion for leave to re-open the case. The court permitted the case to be re-opened by the state for the purpose of recalling the wit-ness Parks to the stand, who testified to the proper man-ner of making the so-called swastika brand. We deem it sufficient in this connection to say that it is well settled that the reopening of a case is a matter entirely within the discretion of the trial court, and a ruling thereupon will not be disturbed unless a clear abuse of discretion is shown. See State v. Ellison, 19 N. M. 428, 144 Pac. 10; State v. Rodriguez, 167 Pac. 426, recently handed down, but not yet officially reported.

[3] The next point presented by appellant's brief is that the court committed error in refusing appellant's re-quested instruction No. 12, giving in lieu thereof instruc-tion No. 13, in which the court told the jury that the certificate of the recorded brand was prima facie evidence that the person named therein was the owner of such brand prior to the date of the recording of the same. Ap-pellant admits that this point was passed upon in the case of Territory v. Meredith, 14 N. M. 288, 91 Pac. 731, but questions the holding in that case, and contends that it is not supported by authority. The court, in passing upon this question in the Meredith case, said:

"And it must often happen that cattle came into the terri-tory which were branded elsewhere by their owners. Can it be that such an owner who uses due diligence to record his brand after his arrival here is forbidden to prove his ownership against a thief who takes his cattle in the time which must elapse before his brand could arrive at the place of record? That certainly is not a reasonable view to take of the legislative intent."

We do not desire to review the rule laid down in the Meredith Case, and see no reason to depart from the hold-ing there had. We therefore conclude that an instruction that proof of a duly recorded brand is prima facie evidence that the person named in the certificate was the owner of said brand prior to the date of the recording of the same is not erroneous.

[4] It is finally urged that the court erred in overruling appellant's motion for a new trial upon the grounds therein set forth. The argument in support of this assignment is that the record does not contain substantial evidence to support the verdict. It is said:

"The whole atmosphere surrounding the testimony of the witnesses, Parks, Roberts, and Cook, is tainted with uncertainty and doubt, if not with actual fraud and perjury. The mere fact that these officers of the law waited for many months after discovery by them, as they testify, that the cattle in question were 'burnt cattle,' and that they permitted appellant to sell the cattle to one of their neighbors and friends before they took any action whatever discredits them."

It is not for this court to weigh the evidence of these or other witnesses, or to question whether or not the evidence is perjured. These questions were for the jury, which found against appellant, and it is apparent from the objection to the evidence of these several witnesses that there was substantial evidence. It is needless to review the evidence of these or other witnesses, but an examination of the record discloses that there was, and is, substantial evidence to support the verdict, in which event, as this court has so frequently held, the verdict will not be disturbed.

Finding no error in the record the judgment of the district court will be affirmed; and it is so ordered.

PARKER and ROBERTS, JJ., concur.