(No. 2618.   Dec. 2, 1921.)

## STATE V. LISTON.

### SYLLABUS BY THE COURT

(1)   Proof that ownership of stolen cattle was in the person alleged by the indictment to be the owner, that the cattle were stolen, that shortly after the theft they were found near the ranch of defendant, bearing his brand, freshly put on, and that he then claimed· to own them, is sufficient prima facie proof of an unlawful taking and asportation, and makes a prima facie case of larceny, although other cattle of the owner grazed in the same locality where the stolen cattle were found.                                      P. 503

(2)   The corpus delicti of a crime may be proved by circumstantial evidence.                                      P. 503

Appeal from District Court, Sandoval County; Hickey, Judge.

State v. Liston, 27 N. M. 500

Ross Liston was convicted of the larceny of cattle, and appeals.   Affirmed.

Heacock & Grigsby, of Albuquerque, for appellant.

Harry S. Bowman, Atty. Gen., for the State.

### OPINION OF THE COURT

DAVIS, J.   In 1918 Evidardo Montoya was the owner of cattle ranging in Sandoval county.  Among them were a number of calves then about a year old, so that they were referred to by some witnesses as yearlings.   During the last of June or the first of July some of these calves were stolen.   The last time Montoya saw them was about 20 days before he discovered the theft. About July 15th he went to the ranch of appellant, Ross Liston, to inquire about them.   Liston told him he had not seen the calves.  About 10 days later Montoya again went to the vicinity of Liston's place, and then found three of his missing calves.   All were fresh-branded with Liston's brand.   Two other witnesses saw these three animals at about the same time and place, and likewise identified the Liston brand.   The country where they were found was apparently open range, and other cattle of Montoya's were grazing there.   Liston then claimed these calves as his. There was testimony that he owned no cows.

In May, 1919, Liston was indicted for the larceny of "three head of neat cattle."   The statement made above shows the condition of the evidence at the close of the testimony for the state.   A motion for a directed verdict was made on the ground that there was no proof of the asportation of these calves, or, as alternatively expressed in the motion, no proof that Liston did "ride, drive, carry, or lead away any one of the animals alleged to be stolen."   The motion was overruled, and this is assigned here as error.

Before a case of larceny is complete, there must,

of course, be evidence of an unlawful taking and asportation, and there was no direct proof of the commission by the appellant of these elements of the crime at this stage of the trial. But these facts may be shown inferentially. There was positive proof that the calves were stolen by some one while unbranded, and that within a few weeks they were found near the ranch of appellant, bearing his brand freshly put on, and that he claimed them as his own. The identity of the animals was sufficiently established. They belonged to Montoya. From appellant's claim that these fresh-branded calves were his, there is a natural and reasonable inference that they were so branded by him or under his authority. Before they could have been branded, they must have been in his control and possession; there necessarily was an actual physical taking. For some space of time the appellant was in the exclusive control and possession of these calves.

That this is a proper conclusion is shown by the testimony of appellant, later in the case, that he himself branded one of these calves and directed the branding of the other two, all in the corral of J. A. Whade, at Bear Springs. This admission only made absolute what was before inferential. An unlawful taking of property against the will of the owner, superseding his possession for at least an appreciable time, a removal of the property from its existing location, however slight, a manifest intent to steal, certainly show a technical asportation. The fact that other cattle, including some of Montoya's, grazed in the section of country where the calves were found, does not change the principle involved. In an open range country, where cattle of various owners are intermingled, the brand is usually the only proof of identity and indicia of ownership. The unlawful branding by one of calves belonging to another, with the other circumstances of the case, shows a sufficient taking and asportation, although

after branding they were again turned on the range, and other cattle of the owner continued to graze in the vicinity.

In State v. Cason, 23 N. M. 77, 80, 167 Pac. 283, 284, this court said, upon the authority of Territory v. Valles, 15 N. M. 229, 103 Pac. 984:

"We therefore conclude, applying this rule to the case at bar, that, in a trial for the larceny of neat cattle, evidence that tended to establish the identity of the cattle, their ownership in the person from whom their taking is charged to be larcenous by the indictment, and the possession of the cattle by the defendant, is enough to make out a prima facie case of guilt and establish the corpus delicti."

[2] That the corpus deliciti of a crime may be proved by circumstantial evidence, see State v. Sakariason, 21 N. M. 207, 153 Pac. 1034. The trial court was not in error in denying the motion.

Appellant argues that the facts show a case of unlawful branding, which is a statutory crime, but do not prove larceny. What has already been said answers this suggestion. The indictment was for larceny. The facts sufficiently showed all its elements. That they may also have shown guilt of a lesser crime is no defense to the one charged.

[1] Appellant's main defense was his assertion that he was himself the owner of the calves bearing his brand. He testified that they were his, and that he had raised them from his own cows. On cross-examination he was asked in detail in regard to his ownership of these cows at various places and on various dates; some antedating the time of the larceny alleged in the indictment. Since the calves were then about a year old, and the appellant claimed he owned their mothers, all of this investigation was material. It was proper cross-examination, going to the very basis of the defense, and bearing directly upon appellant's claim of ownership. He testified upon this examination that he did own the cows,

mothers of the calves charged to have been stolen, at the times and places inquired about.

On rebuttal the state called several witnesses, whose testimony tended to disprove his statements in these respects; their evidence being that he owned no cows at these times. This testimony was objected to as not proper rebuttal, and its admission is assigned as error. But the state could not have anticipated this defense, and so put in this proof as part of its direct testimony. Until appellant made his defense of ownership of these calves, and attempted to support it by proof that they were calves from cows belonging to him, any evidence of his ownership of cows prior to the date alleged in the indictment was wholly immaterial. Nor is this a case of contradiction of a witness on collateral matters brought out on cross-examination. Whether or not appellant owned cows which might have been the mothers of these calves became a material fact of decisive importance. The cross-examination and the rebuttal went directly to an issue first presented by appellant in his testimony, and to the main fact on which his guilt or innocence turned, in no sense a collateral matter. Both were proper.

No other matters are presented in appellant's brief. The judgment of the trial court is affirmed; and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.