[No. 2676.    April 12, 1922.]

## STATE v. CRAIG

### SYLLABUS BY THE COURT

(1). Where there is no substantial evidence of the corpus delicti, the verdict will be set aside on appeal.    P. 112

(2) In prosecution for larceny of neat cattle, evidence that defendant drove unbranded cattle from one county to another and there branded them held insufficient to sustain conviction.    P. 112

Appeal from District Court, San Miguel County; Leahy, Judge.

John T. Craig was convicted of larceny of neat cattle, and he appeals. Reversed, with instructions.

Geo. H. Hunker, M. E. Noble, Chester Hunker, and C. W. G. Ward, all of East Las Vegas, for appellant.

H. S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

PARKER, J. John T. Craig was convicted of larceny of neat cattle and appeals. The evidence of the state showed that the appellant, on three or four separate occasions, drove a number of young calves from the Venable and Koenig pastures, in San Miguel county, to the Webber pasture, in Mora county. The calves were then placed in a corral at the Webber ranch, and several days later were branded by appellant with A slash brand and then turned into the open pasture. The foreman of the grand jury which preferred the indictment testified that the grand jury endeavored without success to ascertain the names of the owners of the calves. It appeared that most of the calves were unbranded before they were driven to the Webber corral.

·The question arises as to the sufficiency of that proof to sustain the conviction. At the close of the state's case the appellant moved for a directed verdict. The trial court said:

"The evidence as to that motion is as follows: That John T. Craig did drive or cause to be driven some few head of unbranded calves from the county of San Miguel over into the county of Mora and there branded them. There is a circumstance—young calves, unbranded. Slight, it is true, but it is really a question for the jury to determine—the sufficiency of the evidence—and not the court. The court cannot weigh the evidence. If there is any substantial evidence to support a verdict, it is the duty of the court to let the jury determine. There is a circumstance."

In Territory v. Caldwell, 14 N. M. 535, 98 Pac 167, the evidence showed that the appellant was found in the possession of a calf, of the property of Benevides, freshly branded in appellant's brand. The appellant had been seen driving a number of bawling calves on the public road, the calves having been recently separated from their mothers. Other incriminating circumstances appeared. The evidence was held sufficient.

In Territory v. Leslie, 15 N. M. 240, 106 Pac. 378, the evidence showed that the appellants drove some cattle

belonging to a corporation into their slaughterhouse, and butchered them. This was held to be sufficient to sustain the conviction.

In State v. Lucero, 17 N. M. 484, 131 Pac. 491, it was held that the evidence was sufficient, and that the court "cannot be called upon to exercise the functions of a jury."

In State v. Sakariason, 21 N. M. 207, 153 Pac. 1034, proof of the corpus delicti was said to consist in showing that a criminal act has been committed, and that the appellant committed it, and that this may be shown circumstantially. The evidence in that case showed that the appellants were found in the possession of freshly killed beef, that their conduct was suspicious, and that they prevented inspection of the beef by drawn weapons. The evidence was held to be sufficient to sustain the conviction.

In State v. Cason, 23 N. M. 77, 167 Pac. 283, the defendants were found in the possession of cattle of others upon which the brands had been defaced. This was held sufficient, the court citing Territory v. Valles, 15 N. M. 229, 103 Pac. 984, wherein it was held that evidence establishing the identity of the mule, its ownership by the prosecuting witness, and the possession thereof by the defendant made a prima facie case of guilt.

In State v. Jaramillo, 25 N. M. 228, 180 Pac. 286, it was held that circumstantial evidence was sufficient to support a conviction for the larceny of neat cattle, and where such evidence is substantial the court will not attempt to weigh it.

[1, 2] Each case, it will be seen, turns upon the particular facts of the case. Here we simply have the fact of driving cattle, unbranded, from one county to another. The mere fact of driving unbranded calves from one place to another and there later branding them is not of itself sufficient to prove larceny. In

cases of this nature some fact or circumstance of an inculpatory nature is usually shown to characterize the act as unlawful.  Here there are no such facts or circumstances.  No criminal act was shown nor any facts from which a criminal act could be inferred. The state's evidence was as consistent with appellant's innocence as with his guilt.  The judgment therefore will be reversed, with instructions to set aside the judgment, dismiss the cause, and discharge the appellant; and it is so ordered.

RAYNOLDS, C. J., and Leib, District Judge, concur.