7 P.(2d) 943

**STATE v. ORTEGA.**

No. 3680.

Supreme Court of New Mexico.

Jan. 5, 1932.

Keith W. Edwards of Ft. Sumner, and Carl A. Hatch, of Clovis, for appellant.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

### HUDSPETH, J.

Appellant, Juan Ortega, was indicted, tried, and convicted in the district court of De Baca county on the charge of larceny of two neat cattle, the property of Roy Bruner.

Roy Bruner testified that about June 1, 1930, he discovered the loss of some young unbranded calves out of his pure-bred herd—one of the finest herds in the Southwest. He reported the loss to the sheriff, and about ten days later two calves were found in the possession of the appellant. On being asked by the sheriff where he got them, he replied: "It is none of your damned business." He later stated that on April 19th he found the calves exhausted alongside the road, six or eight miles from the pasture where the Bruner cattle were kept, that he picked them up and hauled them to his home, and that the calves were ten or fifteen days old at that time. He did not report finding the calves, and testified that some of his cows had died and that he thought the calves were his. The two calves were identified by experts as being of the same class and quality as the Bruner cattle, and the ages of the calves, as of June 10, were estimated at from two weeks to a month. The sheriff, who qualified as an expert with twenty years' experience in the cattle business, testified that there were no other cattle of the same class in the county.

Rube Sullenger, a witness for appellant, on cross-examination, testified regarding the calves found in the possession of appellant, in part, as follows:

"Q. You are not working for Mr. Bruner now? A. No sir, I am not working for him now.

"Q. When did you quit? A. The first day of June.

"Q. Your little boy told Mr. Bruner, in your presence about those calves? A. Yes sir, my boy, we were taking care of those cattle at the time the cows calved you know.

"Q. How did the calves look that you saw in the lot? A. Looked like the same calves to me."

1. Appellant maintains that the evidence is insufficient to support the verdict, and argues that the corpus delicti was not established, nor was the ownership of the animals proved beyond a reasonable doubt.

The corpus delicti may be proven by circumstantial evidence. State v. Jaramillo, 25 N. M. 228, 180 P. 286; 16 C. J. p. 772; State v. Clements, 31 N. M. 620, 249 P. 1003.

There was substantial evidence of the identity of the calves found in the possession of

appellant and those lost by the complaining witness, Roy Bruner. State v. Sakariason, 21 N. M. 207, 153 P. 1034.

2. The jury heard appellant's testimony, including his statement that "When a calf is small you can't testify whose the calf is." The facts and circumstances were sufficient to support a finding by the jury of the taking of the calves by appellant with guilty intent. State v. McKinley, 30 N. M. 54, 227 P. 757. A careful reading of the whole record satisfies us that the evidence was sufficient to sustain the verdict.

Finding no error in the record, the judgment of the district court should be affirmed, and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

PARKER and SADLER, JJ., did not participate.