353 P.2d 367

STATE of New Mexico, Plaintiff-Appellee,

v.

Hawley N. LA RUE, Defendant-Appellant.

No. 6671.

Supreme Court of New Mexico.

June 10, 1960.

McAtee, Toulouse & Marchiondo, Albu–
querque, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., Hilario Rubio, Carl P. Dunifon, Asst. Attys. Gen., for appellee.

COMPTON, Justice.

This cause was tried to the court without a jury, and the appeal is from a judgment finding appellant "guilty of operating a game of chance for money or thing of value, contrary to Section 40–22–2, N.M. S.A.1953 Compilation." The information upon which appellant was brought to trial, however, charged that "he did unlawfully * * * operate a game of chance for money or thing of value" in violation of the provisions of § 40–22–1, 1953 Comp.

The pertinent provisions of the sections read:

"40–22–1. It shall hereafter be unlawful to play at, run, or operate any game or games of chance such as keno, faro, monte, passfore, passmonte, twenty-one, roulette, chuck-a-luck, hazard, fan tan, poker, stud poker, red and black, high and low, craps, blackjack or any other game or games of chance played with dice, cards, punch boards, slot machines or any other gaming device by whatsoever name known, for money or anything of value, in the state of New Mexico."

"40–22–2. Any person who is the owner or possessor of any game mentioned in section 1 (40–22–1), or any person engaged in operating any *such game,* or knowingly supplying any *such game* with cards or dice or other device, or who is in actual possession and control as owner, lessee or otherwise of the premises upon which any *such game* is run or operated, or who shall knowingly lease premises so to be used, or who having leased such premises knowingly permits the same so to be used, shall be guilty of a misdemeanor, and upon conviction thereof, shall be punished * * *." (Emphasis ours.)

Appellant first contends that he was charged with having committed one offense and having been convicted of another. We do not agree. The rule that a person cannot be convicted of an offense of which he is not charged is so well settled that citation of authority is deemed unnecessary; however, this rule has no application here. The former section merely defines certain acts, including the act of operating a game of chance for money or thing of value, as unlawful; the latter section provides the penalty. Clearly, the essential part of the judgment was finding the appellant guilty of operating a game of chance for money as charged in the information. Consequently, it is perfectly obvious the judgment would bar a subsequent prosecution for the same offense; such is the test. 14 A.L.R. at page 989; 23 C.J.S. Criminal Law § 1397. It follows,

therefore, that the inclusion in the judgment, "Contrary to section 40–22–2, N.M. S.A.1953 Compilation" was mere surplusage and should be disregarded.

■ Appellant next challenges the sufficiency of the evidence to establish his guilt. On the night of December 20, 1958, two peace officers, Otis Haley and B. F. Ramsey, forerunners of a raiding party which was to follow, went to the "Sharecroppers Club," located "down by the riverside" outside of Aztec. The club building was owned by "Sharecropper Red" Henderson. It was a one-story building with a connecting basement. On the ground floor there was a cafe. In the cafe at the time there were several people, including the owner, Henderson. The peace officers informed Henderson that they were out for a good time that evening, but were advised by Henderson there was nothing going on that night but if they would return the next night, they would be shown a good time. While the officers were in the cafe, however, they noticed various people going to and from the basement. They also heard remarks about gambling. Nevertheless, they left the cafe and shortly thereafter contacted someone who was able to gain entrance to the basement without going through the cafe. They used delaying tactics until the raiding party appeared. To shorten the story, other officers arrived and the basement was raided. They found appellant and others in the basement. They also found gambling paraphernalia; dice tables, black jack tables and card tables, all padded and felt covered, money, poker chips, playing cards, and more than a gross of pairs of dice. While the officers were engaged in collecting the paraphernalia, appellant told officer Ramsey that he was running the lower part of the club building, and stated further, "I am all to blame, these other boys are working for me." Later, and about daylight the following morning, at the courthouse, appellant was again interrogated about the operation of the club. At that time appellant stated that he was the operator, and said further, "had we delayed the raid for one more day it would not have been necessary, since they were losing money hand over fist in the operation and would have closed it the next night, that they had a steady losing streak, had won no money." While no one saw any gambling on the premises, the evidence, we think, points unerringly to appellant's guilt.

■ Appellant finally complains that the court erred in admitting into evidence, over objection, the statements made by him, particularly the statement made at the courthouse claiming the corpus delicti had not otherwise been established. It is well settled that unless the corpus delicti of the offense charged has been otherwise established, a conviction cannot be sustained solely on extrajudicial confessions or admissions of an accused, but here the evi-

dence establishes the commission of the offense charged independently of the admissions by appellant. Besides the gambling paraphernalia, appellant's admissions at the time of his arrest and at the place where the paraphernalia was found, were a part of the res gestae and, for that reason, were admissible. State v. Carter, 58 N.M. 713, 275 P.2d 847. The corpus delicti having been established by independent evidence, the lower court did not err in admitting as evidence the admission made to officer Ramsey at the courthouse.

The judgment will be affirmed. It is so ordered.

McGHEE, C. J., and CARMODY, MOISE and CHAVEZ, JJ., concur.