414 P.2d 512

STATE of New Mexico, Plaintiff-Appellee,

v.

Carroll Wayne PARIS, Defendant-Appellant.

No. 7828.

Supreme Court of New Mexico.

March 7, 1966.

On Rehearing May 16, 1966.

Frazier, Cusack & Schnedar, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Frank Bachicha, Jr., Roy G. Hill, Asst. Attys. Gen., Santa Fe, for appellee.

CARMODY, Chief Justice.

Defendant appeals from judgment and sentence following his conviction by a jury of the crime of larceny.

The first contention is that the court erred in admitting defendant's confession because the corpus delicti of the crime of larceny had not been established independent of the confession. The state on the other hand contends that the extrajudicial confession may be considered in aid of the independent evidence to establish the corpus delicti, and even if not, the corpus delicti was proved here by circumstantial evidence.

The corpus delicti of larceny is constituted of two elements: that the property was lost by the owner, and that it was lost by a felonious taking. State v. Cason, 1917, 23 N.M. 77, 167 P. 283; State v. McKenzie, 1943, 47 N.M. 449, 144 P.2d 161; Brown v. Village of Deming, 1952, 56 N.M. 302, 243 P.2d 609. It is well settled that the corpus delicti of a crime may be proved by circumstantial evidence. State v. Sakariason, 1915, 21 N.M. 207, 153 P. 1034; State v. Chaves, 1921, 27 N.M. 504, 202 P. 694; State v. Ortega, 1932, 36 N.M. 57, 7 P.2d 943. On the question of whether evidence is substantial to establish the corpus delicti, each case must, of course, turn on its own

facts. State v. Craig, 1922, 28 N.M. 110, 206 P. 513.

In this case there was evidence that on Saturday, March 16th, money belonging to Mrs. Norma Pritchard, owner of Norma's Delicatessen in Roswell, was placed into a money bag for a bank deposit. Mrs. Pritchard testified that the deposit was to be placed into a steel file by an employee, Mrs. Luke, who was not available to testify at the trial. Defendant had begun work at the delicatessen Friday, March 15th. Mrs. Pritchard authorized no one to remove the money. Defendant, at one o'clock Sunday afternoon, March 17th, picked up a key from Mrs. Pritchard to clean the delicatessen, and returned the key at four o'clock, telling Mrs. Pritchard that he would see her the next day. The next morning Mrs. Pritchard went to the delicatessen and discovered that the money was not in the money bags. Defendant did not return to work that day or thereafter.

■ An examination of the New Mexico cases in which circumstantial evidence was sufficient to establish the corpus delicti of larceny where loss by the owner was established shows that some element of subsequent possession in the defendant of the stolen property was present. See, e. g., State v. Ortega, supra; State v. Liston, 1921, 27 N.M. 500, 202 P. 696; State v. Cason, supra. In the present case, no possession was ever shown in defendant. There was only a loss by the owner and access and unexplained disappearance of defendant; the corpus delicti was not established here by circumstantial evidence. The state claims, however, that defendant's extrajudicial confession may be considered in aid of the independent evidence to establish the corpus delicti, and that it was therefore properly admitted by the trial court.

■ It is clear that, unless the corpus delicti of the offense charged has been otherwise established, a conviction cannot be sustained *solely* on extrajudicial confessions or admissions of the accused. State v. LaRue, 1960, 67 N.M. 149, 353 P.2d 367; State v. Carter, 1954, 58 N.M. 713, 275 P.2d 847; State v. Dena, 1923, 28 N.M. 479, 214 P. 583. We see nothing in State v. Lindemuth, 1952, 56 N.M. 257, 243 P.2d 325, or in any of the cited cases to indicate that under certain circumstances a confession may not be utilized to assist in establishing corpus delicti. In Dena a judicial statement was held proper for this purpose. In LaRue and Carter where the statements were a part of the res gestae they were also held proper for consideration in establishing the corpus delicti.

The question, then calls for consideration of the proposition whether the confession of an accused, not a part of the res gestae, may be admitted or used in any respect to support a conviction unless each of the elements of the corpus delicti is proved by independent evidence. Though the question is one of first impression in this state, it has been considered by a great number of

other jurisdictions, see annotation 45 A.L.R. 2d 1316, 1333, with the apparent general consensus that the confession ·may be considered without independent proof of each element of the corpus delicti, provided it is sufficiently corroborated. See, e. g., People v. McMonigle, 1947, 29 Cal.2d 730, 177 P.2d 745; Martinez v. People, 1954, 129 Colo. 94, 267 P.2d 654; State v. Doucette, 1959, 147 Conn. 95, 157 A.2d 487; Nelson v. State, 1954, 11 Terry 96, 50 Del. 96, 123 A.2d 859; State v. Yoshida, 1960, 44 Hawaii 352, 354 P.2d 986; State v. Bates, 1955, 76 S.D. 23, 71 N.W.2d 641.

It is with regard to the extent of corroborative evidence necessary, particularly concerning its relation to the corpus delicti, that there is wide diversity among jurisdictions. Some, for instance, have required that the independent evidence establish prima facie proof of the corpus delicti, People v. McMonigle, supra; some that the independent evidence must "tend to establish that the crime charged has been committed and must be material and substantial, but need not be such as would establish the corpus delicti beyond a reasonable doubt," State v. Doucette, supra; some that the confession be corroborated by "other evidence," Martinez v. People, supra; still others require no specific measure at all, provided that all evidence taken together proves the corpus delicti beyond a reasonable doubt, Nelson v. State, supra. Still others refer to what corroborative evidence need *not* be,

see annotation 45 A.L.R.2d 1316. From·the welter of cases· and the range of their holdings, it would be imprudent to say that one particular hair-splitting formula has the support of a majority, compare State v. Yoshida, supra. This is particularly true when we consider that each case must turn on its own facts and circumstances.

We feel·that the ·proper rule, and the most workable, is that laid down for the federal courts in Opper v. United States, 1954, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101, 45 A.L.R.2d 1308, where the court held that corroborative evidence need not be sufficient, independent of the statements, to establish the corpus delicti, but that the Government must introduce substantial independent evidence which would tend to establish the trustworthiness of the statement. The Supreme Court said:

"Thus, the independent evidence serves a dual function. It·tends to make the admission reliable, thus corroborating it while also establishing independently the other necessary· elements of the offense. * * * *It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth.*" (Emphasis added.)

Of course, the confession or admitted facts, taken together with all the other evidence, must be sufficient to find guilt, Opper v. United States, supra,· and prove all elements of the corpus delicti, Smith v. United

States, 1954, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192, beyond a reasonable doubt.

Cases which have applied the Opper standard include Matula v. United States (10th Cir. 1964) 327 F.2d 337; Martinez v. United States (10th Cir.1961) 295 F.2d 426; Landsdown v. United States (5th Cir.1965) 348 F.2d 405; United States v. Waller (4th Cir.1963) 326 F.2d 314, cert. denied 377 U.S. 946, 84 S.Ct. 1355, 12 L.Ed.2d 309; State v. Yoshida, supra; People v. Cuevas, 1955, 131 Cal.App.2d 393, 280 P.2d 831; compare State v. Whittemore, 1961, 255 N.C. 583, 122 S.E.2d 396, and State v. Lucas, 1959, 30 N. J. 37, 152 A.2d 50, where the court said:

"Confessions, like other admissions against interest, stand high in the probative hierarchy of proof. It is for this reason that the law imposes various safeguards designed to assure that the confession is true. But safeguards for the accused should not be turned into obstacles whereby the guilty can escape just punishment. No greater burden should be required of the State than independent corroborative proof tending to establish that when the defendant confessed he was telling the truth, plus independent proof of the loss or injury."

In this case, the defendant's statement was corroborated by Mrs. Pritchard's testimony concerning the length of his employment (the same three days admitted by defendant), Mrs. Pritchard's testimony that she gave defendant a key on Sunday which he was to use to open the delicatessen for cleaning, and that defendant returned the key to her. Defendant admitted that he had found the money in the filing cabinet where Mrs. Pritchard testified it was to be placed the previous day, and that he, defendant, "took it out three times and put it back and just before leaving I took it out and kept it."

■ We think the corroborative evidence, when considered together with the confession, justified the conclusion that the crime charged had been committed, and that the trial court did not commit error in admitting the statement.

Defendant next argues that the court erroneously instructed the jury as to the elements of the offense of larceny omitting the element of unlawful taking. The pertinent part of the court's instruction No. 5 was as follows:

"The material allegations contained in the information which must be proved to your satisfaction and beyond a reasonable doubt by the evidence introduced in this case, are:

"(A) that Carrol Wayne Paris stole property belonging to Mrs. Norma Pritchard;

" * * *."

Defendant was charged under § 40–45–2, N.M.S.A., 1953 Comp., which states: "Every person who shall commit the crime of larceny, by stealing of the property of an-

other any money, goods or chattels * * * shall be punished as provided in section 40–45–1 * * *."

In McDaniels v. State, 1943, 77 Okl. Crim. 84, 139 P.2d 191, the court considered the meaning of the word "steal" as used, undefined, in a larceny statute. There the court said:

"When the word 'steal' is used it means to take and carry away property of another with the felonious intent to deprive the owner thereof, and to appropriate the same to one's own use. It must be noted that when the word 'steal' is used either in the information or in an instruction, that it carries with it the meaning that the property converted is by felonious intent."

■ We hold, as did the court in McDaniels v. State, supra, that under the statute using the term "steal," when that term is used in the instruction, it carries with it a meaning that the taking must have been with a felonious intent. See also State v. Downing, 1949, 185 Or. 689, 205 P.2d 141; Darnell v. State, 1962, Okl.Crim., 369 P.2d 470.

■ Here the court also instructed the jury that " 'Larceny' is synonymous with stealing, it is the taking of the personal property of another with the intent to deprive the owner of the permanent possession thereof." When the instructions are taken as a whole, as they must have been, State v. Fields, 1964, 74 N.M. 559, 395

P.2d 908, no essential element of larceny was omitted, and it was not error for the trial court to overrule the objection to instruction No. 5.

Defendant contends that his confession was involuntary because given for a promise of leniency and therefore should not have been admitted. The trial court found it to be voluntary and admitted the relevant parts into evidence.

Defendant's contention is based primarily on the following testimony of Police Lt. L. G. Hall, to whom the original statement was made:

"Q Did you advise the defendant of the advantage of making a statement to you?

"A Yes, I told him if he would cooperate with us it would be brought to the court's attention and Mr. Hanagan [the district attorney] would tell him the same.

" * * *

"Q Going back to the conversation of the defendant of his making a statement, you previously testified, I believe that he was—that his cooperation would be told to the Court, is that correct?

"A It would be brought to Mr. Hanagan's attention.

"Q And that Mr. Hanagan would bring it to the attention of the Court?

"A I supposed that he would.

"Q Was he told that?

"A Yes, sir, he was.

"* * *

"Q Did you tell the defendant what effect his cooperation—what effect his cooperation with you would have on the Court?

"A I didn't tell him the effect.

"Q You didn't make any statement regarding the effect?

"A I did not. I told him that it would be brought to the attention."

 The defendant had been warned of his constitutional rights, and his statement was prefaced with the declaration that no promises, threats or force were used to induce his making it. On examination of the record we find no reasonable inference that a promise of leniency was extended to the defendant. We cannot say that the facts in this record bar the confession as a matter of law. See State v. Lindemuth, supra, in which the facts would more strongly support a claim of promise of leniency than here, yet there was no error in admission of the confession. Cases cited by defendant are distinguishable on their facts.

 Finally, defendant maintains that the court erred in failing to allow his Plea in Bar, under which he claimed double jeopardy by reason of the prior conviction for the same offense. In this connection, the defendant urged that inasmuch as he had served more than a year before being released on habeas corpus, he could not be tried again. There is no merit to this contention. The habeas corpus case declared the original proceeding void; therefore, it is as though there were no prior case. The court, in the original case, did not have jurisdiction, so there is no basis for the claim of double jeopardy. See Bayless v. United States (8th Cir. 1945), 147 F.2d 169; United States v. Lowrey (3d Cir. 1949), 77 F.Supp. 301, aff'd, 172 F.2d 226; cf. Northcott v. Hand, 1960, 186 Kan. 662, 352 P.2d 450; compare State v. Goodson, 1950, 54 N.M. 184, 217 P.2d 262; and see also Morgan v. Cox, 1965, 75 N.M. 472, 406 P.2d 347; accord, United States v. Tateo, 1964, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448; and United States v. Ewell, No. 29, October 1965 Term, decided February 23, 1966, 86 S.Ct. 773.

The judgment is affirmed. It is so ordered.

MOISE and COMPTON, JJ., concur.

ON MOTION FOR REHEARING

CARMODY, Chief Justice.

By motion for rehearing, defendant claims, for the first time, that his privilege against compulsory self-incrimination was violated by permitting the prosecutor to comment on his failure to take the stand.

The case having been tried before the decision in Griffin v. State of California, 1965, 380 U.S. 609, 14 L.Ed.2d 106, 85 S.Ct. 1229, the trial court instructed the jury to the effect that the failure of the defendant to testify shall create no presumption against him, although it may be the subject of comment or argument.

However, because of the appeal, the case has not been finally concluded and the Griffin rule is applicable. See Tehan v. United States ex rel. Shott, 1966, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453.

From the record before us, we are able to glean but little information as to what occurred. The instruction is in the record, but not the closing arguments of counsel. The arguments to the jury were not taken down by the court reporter, and therefore it is not known what comment was made by the prosecutor. The giving of the instruction itself was not error, as held by us in State v. Buchanan, decided March 14, 1966, N.M., 412 P.2d 565; and without the benefit of the prosecutor's remarks, it is impossible to determine if there was any error. The only mention of this matter in the transcript occurred after the argument of counsel when the attorney for the defendant sought to make a rebuttal argument in response to the state's final argument, contending that he was entitled to answer what had been said by the prosecutor with respect to the defendant's not taking the stand. This request was refused, because the trial court stated that counsel for the defendant mentioned this subject in his own closing argument. Thus we see no error when the prosecutor's comment was made in response to the defendant's own argument. Here, the defendant "opened the door" and effectively waived any right which he might have had to claim error because of the prosecutor's comment concerning his failure to take the witness stand.

In all other respects, the motion for rehearing will be denied. It is so ordered.

MOISE and COMPTON, JJ., concur.