514 P.2d 56

STATE of New Mexico, Plaintiff-Appellee,

v.

Gilbert VILLA, Jr., Defendant-Appellant.

No. 1139.

Court of Appeals of New Mexico.

Aug. 22, 1973.

Fred Tharp, Jr., Public Defender, Clovis, for defendant-appellant.

David L. Norvell, Atty. Gen., Lee Griffin, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The appeal is concerned with the variance between the offense charged and the offense for which defendant was convicted in a trial to the court without a jury. The indictment charged homicide by vehicle on the basis of reckless driving. Sections 64–22–1 and 64–22–3, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2). The trial court found defendant guilty of ". . . driving his automobile on the left side of the roadway within a legally designated no passing zone contrary to the provisions of Section 64–18–4, [64–18–14] . . ." N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2).

The trial court convicted defendant of violating § 64–18–14, supra, on the theory that the "no-passing" violation was a lesser included offense. Defendant asserts, and the State agrees, that a violation of § 64–18–14, supra, is not a lesser included offense. We also agree that it is not a lesser included offense. State v. Trujillo (Ct. App.), 85 N.M. 208, 510 P.2d 1079, decided May 16, 1973.

The State did not rely on a lesser included offense theory. After the oral finding of guilt and oral pronouncement of sentence, but before entry of a written judgment, the State moved to amend the indictment by adding a second count. This second count would have charged defendant with a violation of § 64–18–14, supra. The

trial court noted the pendency of this motion in entering its written "Judgment and Sentence" but did not rule on this motion.

Could the State's motion, if granted, validate defendant's conviction? State v. La Rue, 67 N.M. 149, 353 P.2d 367 (1960) states: ". . . a person cannot be convicted of an offense of which he is not charged. . . ." Smith v. Abram, 58 N.M. 404, 271 P.2d 1010 (1954) states: "That a person may not be punished for a crime without a formal and sufficient accusation even if he voluntarily submits to the jurisdiction of the court cannot be questioned. Such is the undisputed law in all jurisdictions. . . ."

Sections 41–6–37 and 41–6–39, N.M.S.A. 1953 (2d Repl. Vol. 6), subsequently repealed, were in effect at the time the indictment was filed in this case. Section 41–6–37(2), supra, pertains to variance between the " . . . allegations of an indictment . . . which state the particulars of the offense . . . and the evidence offered in support thereof. . . ." Under § 41–6–37(2), supra, the indictment may be amended to conform to the evidence. Section 41–6–39, supra, authorizes amendment of the indictment after verdict and before sentence is pronounced, " . . . so as to state the particulars of the offense, as proved. . . ."

Neither § 41–6–37(2), supra, nor § 41–6–39, supra, apply to the situation in this case. Both sections go to amendment of the indictment to conform to evidence introduced in support of the charge made in the indictment. See State v. Ardovino, 55 N.M. 161, 228 P.2d 947 (1951). Neither apply to the situation of first convicting a defendant of an offense without charging him with that offense and then moving to amend the indictment by adding that charge subsequent to conviction. Section 41–6–37(2), supra, and § 41–6–39, supra, do not authorize amendments to accuse a defendant of a crime different from the crime originally charged. Annot., 17 A.L. R.3d 1181, § 15 at 1223 (1968).

As stated in State v. Loveless, 39 N.M. 142, 42 P.2d 211 (1935):

" . . . [I]t was error for the court to instruct the jury that the defendant was on trial for an offense distinct from the one of which he was charged. Of what good would be the constitutional guaranty to the accused 'to demand the nature and cause of the accusation' [N.M.Const. Art. II, § 14] if the court may instruct the jury that the accused is charged with an offense of which he is not charged? *We regard it as fundamental that the accused must be tried only for the offense charged in the information. . . .*" (Our emphasis)

The State's motion to amend, even if granted, could not validate defendant's conviction.

Defendant was not convicted of homicide by vehicle. Instead, he was impliedly found not guilty of that offense when he was erroneously found guilty of the "no-passing" offense on the theory that it was a lesser included offense. Defendant's "no-passing" conviction cannot stand because, at this point, he has never been charged with that offense. See State v. Chacon, 62 N.M. 291, 309 P.2d 230 (1957). The "Judgment and Sentence" is reversed. The cause is remanded with instructions to dismiss the homicide by vehicle charge, and for such further proceedings as may be appropriate.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.