This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                     **No. 35,878**

**KEVIN CABRAL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana Zamora, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

The Law Offices of Ramsey & Hoon, LLC
Twila A. Hoon
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant appeals from the district court's affirmance of his convictions after a bench trial in metropolitan court for driving while under the influence of

intoxicating liquor (DWI), no driver's license, and driving a vehicle at night without headlights. This Court issued a calendar notice proposing summary affirmance. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2} In our calendar notice, we noted that the district court issued a thorough, well-reasoned memorandum opinion, presenting the facts and arguments of the case and the district court's analysis in response thereto. [CN 2] After observing that Defendant raised the same issues in his appeal to this Court as he did in his on-record appeal to the district court, we proposed to agree with the district court in its factual presentation, analysis, and conclusion. [CN 2] Consequently, we proposed to adopt the district court's memorandum opinion for purposes of this appeal. [CN 2]

{3} We invited Defendant to present any specific objections to the facts or the law as presented by the district court in its memorandum opinion—as he would to any other proposed disposition from this Court—with a memorandum in opposition filed within the time allowed. [CN 2-3] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). In response to this Court's calendar notice, Defendant has filed a memorandum in opposition, reiterating his arguments with

respect to each of the five issues he raised on appeal: (1) the metropolitan court abused its discretion in admitting the breath card into evidence; (2) the metropolitan court erred in finding that the twenty-minute deprivation period was met; (3) there was insufficient evidence to support Defendant's conviction for no driver's license; (4) there was insufficient evidence to support Defendant's conviction for driving while impaired to the slightest degree; and (5) Defendant was arrested without probable cause. [MIO 2-12]

**{4}** After review of the arguments laid out in the memorandum in opposition, it does not appear that Defendant has pointed out error in law or fact—or otherwise presented us with any arguments not already presented to the district court—with respect to the sufficiency of the evidence to support the DWI conviction and with respect to the alleged lack of probable cause to support his arrest. [*See* MIO 9-12; *see also* RP 126-7] Because we are not convinced that our proposed disposition is incorrect on these two issues, we affirm. *See id.* Defendant has, however, made additional arguments on the remaining issues, asserting error in our application of the law. We address each in turn.

**{5}** First, Defendant continues to argue that the metropolitan court erred in admitting the breath card into evidence because Officer Trahan did not testify that the gas canister attached to the breath test instrument was approved by the Scientific

3

Laboratory Division (SLD). [MIO 2-3] While he acknowledges that we held in *State v. Hobbs*, 2016-NMCA-022, ¶ 22, 366 P.3d 304, that the State need not make a threshold showing that the equipment—including the gas canister—attached to the breath test instrument is SLD-approved in order to lay an appropriate foundation under Rule 11-104(A) NMRA for the admission of the breath test results, Defendant contends that such a rule renders meaningless the administrative requirement that the equipment be SLD-approved. [MIO 3] In essence, Defendant argues that our holding in *Hobbs* should be viewed to require a threshold showing that the gas canister was approved by SLD in the first instance. [Id.] However, Defendant does not argue why such a showing would be any more accuracy-ensuring than requiring the officer to confirm that each piece of equipment is approved before each breath test is administered, a requirement that we expressly disclaimed in *Hobbs*. *See* 2016-NMCA-022, ¶ 22 (stating that there was "no basis from which to conclude that confirmation by the certified instrument operator at the time of the BAT that the gas tank [was] SLD-approved is necessary to ensure the accuracy of the BAT"). Moreover, Defendant was not foreclosed from challenging the foundation for the breath card and could have engaged in discovery to establish that the subject gas canister was in fact not approved by SLD. *See id*. ¶ 22 (recognizing that a "defendant is entitled to discovery concerning SLD-approved equipment to use in challenging the foundation

4

for or the reliability of his or her BAT results"). It does not appear that Defendant did so here. Therefore, we remain unconvinced that the metropolitan court erred in determining that the State laid a sufficient foundation for the admission of the breath card.

{6}     Next, Defendant continues to challenge the metropolitan court's determination that the twenty-minute deprivation period was met. [MIO 4-8] In support of his position, Defendant asserts that Officer Trahan failed to continuously observe him during the twenty-minute period. [MIO 4] Defendant also asserts that although he was handcuffed behind his back in the backseat of Officer Trahan's police vehicle during the twenty-minute period, there was no testimony that the vehicle was "cleared of any items that [he] could have eaten, drank, or smoked." [MIO 7] Consequently, Defendant contends that the metropolitan court had to assume or speculate that the vehicle was cleared and that such guesswork was insufficient to support a finding that the twenty-minute deprivation period was met. We note, however, that in *State v. Willie*, 2009-NMSC-037, ¶ 16, 146 N.M. 481, 212 P.3d 369, our Supreme Court held that the evidence was sufficient to satisfy the deprivation requirement when the defendants were restrained for nearly an hour after arrest "in such a way that it would be unlikely that they could have eaten, drunk, or smoked anything" even though they were not observed continuously. We are not persuaded that the metropolitan court in

this case had to engage in guesswork or speculation to conclude that it was unlikely that there would have been something for Defendant to eat, drink, or smoke in the backseat of a police vehicle, or that even if there were, that it was unlikely that Defendant would have been able to eat, drink, or smoke with his hands cuffed behind his back. Thus, we cannot say that the metropolitan court abused its discretion in finding by a preponderance of the evidence that the deprivation period was met. *See id.* ¶ 12 (holding that whether a regulation relating to breath tests has been satisfied is a factual determination to be made by the trial court, which must be satisfied by a preponderance of the evidence).

{7} Lastly, Defendant continues to challenge the sufficiency of the evidence to support his conviction for no driver's license. [MIO 8-9] The evidence presented at trial was that upon making the traffic stop, Officer Trahan requested Defendant's documents. [RP 168] Defendant could not produce a driver's license. [Id.] On video, Defendant was captured admitting that he did not have a driver's license and that he was "working on it." [RP 169] Defendant argues that his failure to produce the driver's license to Officer Trahan "simply established [that] he did not have it on him that day." [MIO 8] Consequently, Defendant argues that he was convicted based solely on his statement that he did not have a license. [Id.] Defendant contends that this is a violation of the corpus delicti rule, which states that "unless the corpus delicti

6

of the offense charged has been otherwise established, a conviction cannot be sustained solely on extrajudicial confessions or admissions of the accused." *State v. Paris*, 1966-NMSC-039, ¶ 6, 76 N.M. 291, 414 P.2d 512. Even disregarding the admission, however, Defendant's failure to produce the license to the officer at the time of the stop, coupled with his subsequent failure to produce the license in court, constituted sufficient and direct proof that he did not have a driver's license. *See* NMSA 1978, § 66-5-2(C) (2013) ("A person charged with violating the provisions of this section shall not be convicted if the person produces, in court, a driver's license issued to the person that was valid at the time of the person's arrest."). The corpus delicti having been established by Defendant's failure to produce a valid driver's license, we are not convinced that he was convicted solely on the basis of his admission to being unlicensed. To the extent that Defendant's argument appears to depend at least somewhat on the State's failure to introduce evidence from the Motor Vehicle Department confirming that he did not have a valid driver's license [MIO 8-9], it appears that any such failure would go to the weight of the evidence. However, we do not re-weigh evidence. *See State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 ("[A]ppellate courts do not search for inferences supporting a contrary verdict or re-weigh the evidence because this type of analysis would substitute an appellate

7

court's judgment for that of the [fact-finder]." (internal quotation marks and citation omitted)).

{8}	Accordingly, for the reasons stated above, as well as those provided in our notice of proposed disposition, we affirm.

{9}	**IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**J. MILES HANISEE, Judge**