This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38452**

**STATE OF NEW MEXICO,**

Respondent-Appellee,

v.

**SCOTT CHARLES,**

Petitioner-Appellant,

**IN THE MATTER OF THE PETITION FOR POST-CONVICTION DNA TESTING.**

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Court Judge**

Raúl Torrez, Attorney General
Van Snow, Assistant Attorney General
Santa Fe, NM

for Appellee

Scott Charles
Chaparral, NM

Pro Se Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Petitioner Scott Charles appeals the district court's order denying his petition for post-conviction DNA testing, pursuant to NMSA 1978, Section 31-1A-2 (2019).[1] Section

---

[1]Section 31-1A-2 was amended in 2019. *See* § 31-1A-2 (2005, amended 2019). The effective date of the amendment was July 1, 2019, after Defendant's petition was filed on June 13, 2019, but prior to entry of

31-1A-2(A) allows "[a] person convicted of a felony, who claims that DNA evidence will establish the person's innocence, [to] petition the district court . . . to order the . . . production and testing of evidence that can be subjected to DNA testing." We agree with the district court that Petitioner failed to meet the statutory requirements for DNA testing. We therefore affirm the decision of the district court dismissing the petition.

**DISCUSSION**

**{2}** Petitioner was charged with criminal sexual penetration (CSP) in the first degree, contrary to NMSA 1978, Section 30-09-11(D)(1) (2009); and criminal sexual contact with a minor (CSCM) in the second degree, contrary to NMSA 1978, Section 30-09-13(B)(1) (2003). Prior to trial, Petitioner agreed to plead guilty to CSCM in return for the State's agreement to dismiss the CSP charge and to recommend a three-year sentence. Judgment of conviction on one count of CSCM was entered. Petitioner did not appeal and began to serve his sentence.

**{3}** More than a year after his conviction, Petitioner filed the petition for post-conviction DNA testing at issue in this appeal. Petitioner claimed, in relevant part, that "there is a reasonable probability that [he] would not have pled guilty or been found guilty," if a DNA test had been done prior to his plea, and had the results been negative for his DNA either in child's body, on her skin, or on her clothing. *See* § 31-1A-2(D)(5) (providing, as one of five criteria, that "if the DNA testing the petitioner is requesting had been performed prior to the petitioner's conviction and the results had been exculpatory, there is a reasonable probability that the petitioner would not have pled guilty or been found guilty"). Petitioner argued that negative DNA results would have been indisputable evidence that no crime had occurred.

**{4}** Section 31-1A-2 does not require the State to respond to a petition for post-conviction DNA testing when it is filed. The district court first reviews the petition to determine if it satisfies the requirements set forth in Subsection (D). *See* § 31-1A-2(A)-(F). Following that review, the court can "dismiss the petition, order a response by the district attorney or issue an order for DNA testing." Section 31-1A-2(F). The district court here dismissed the petition following its review. The district court appears to have assumed, without deciding, that the first four requirements of Section 31-1A-2(D) were met. The court denied the petition based on its determination that Petitioner failed to satisfy the requirement of Subsection (D)(5)—that, if the DNA testing had been performed prior to Petitioner's guilty plea and the results had been exculpatory, there is a reasonable probability that Petitioner would not have pled guilty or been found guilty. For purposes of this appeal, we adopt the district court's assumption that Petitioner satisfied the first four requirements of Section 31-1A-2(D), and focus on whether the district court correctly applied Subsection (D)(5).

**{5}** As best we can tell, Petitioner makes a single argument on appeal: that the State cannot establish the corpus delicti of either CSCM or CSP by his confession alone,

the district court's order on July 16, 2019. The amendments do not affect our analysis, however, and for ease of reference and to avoid confusion, we cite the 2019 version of this statute.

without physical evidence in the form of a positive test for his DNA on child's body. Petitioner claims that a negative test for his DNA would have required dismissal of both the CSCM and CSP charges against him and that, as a result, he would not have pled guilty. We do not agree.

**{6}** The corpus delicti of CSCM as charged in this case is established by proving: (1) that the child's unclothed intimate parts were touched by someone, and (2) that this harm was caused by someone's criminal agency. *See* NMSA 1978, § 30-9-13(B)(1) (2003); *see also State v. Weisser*, 2007-NMCA-015, ¶¶ 10-11, 141 N.M. 93, 150 P.3d 1043 (explaining the components of a crime's corpus delicti), *abrogated on other grounds as recognized by State v. Bregar*, 2017-NMCA-028, ¶ 49, 390 P.3d 212. The corpus delicti of CSP as charged in this case is established by proving: (1) that the child's genital opening was penetrated, and (2) that this harm was caused by someone's criminal agency. *See* NMSA 1978, § 30-9-11(D)(1) (2009); *see also Weisser*, 2007-NMCA-015, ¶¶ 10-11.

**{7}** The corpus delicti rule provides that "unless the corpus delicti of the offense charged has been otherwise established, a conviction cannot be sustained solely on [the] extrajudicial confessions or admissions of the accused." *State v. Paris*, 1966-NMSC-039, ¶ 6, 76 N.M. 291, 414 P.2d 512. "[U]nder New Mexico's modern approach, a defendant's extrajudicial statements may be used to establish the corpus delicti when the prosecution is able to demonstrate the trustworthiness of the confession and introduce some independent evidence of a criminal act." *State v. Martinez*, 2021-NMSC-012, ¶ 31, 483 P.3d 590 (internal quotation marks and citation omitted). "This independent evidence can consist of either direct or circumstantial evidence, but such evidence must be independent of a defendant's own extrajudicial statements." *Id.* (internal quotation marks and citation omitted).

**{8}** Petitioner has misconstrued the rule of corpus delicti: neither DNA evidence nor other physical evidence is required to convict him of either CSCM or CSP. Nor, under the facts of this case, would the State have to rely solely on Petitioner's confession to prove the corpus delicti of either crime. Indeed, there was direct and circumstantial evidence sufficient to establish the corpus delicti of both crimes without reliance on Petitioner's confession.[2] The record shows that the State was prepared to present the testimony of several witnesses, including the in-court testimony or forensic interview of the child. In addition to the child's testimony, the evidence available for trial included the testimony of two of the child's relatives who were present on the night in question. In particular, one relative would have testified at trial to her being awoken by the child's screams early in the morning; and that upon rushing into the room where the child and

---

2We do not rely in our analysis on Petitioner's admission of guilt and other statements made during plea and sentencing proceedings. We assume, without deciding, that our Legislature did not intend a defendant's plea or statements made as part of a sentencing proceeding to be considered under Section 31-1A-2(D)(5), when the district court is examining whether a Petitioner would not have pled guilty had the DNA evidence been available prior to the plea.

Petitioner had been sleeping, the relative saw Petitioner lying on the floor with his buttocks exposed and the child trying to pull up her pajama pants.

**{9}** The absence of DNA evidence does not undermine the State's case as to either CSCM or CSP and, thus, does not create a reasonable probability that Petitioner would not have pleaded guilty or been found guilty had that evidence been available prior to his plea.

**CONCLUSION**

**{10}** We affirm the decision of the district court dismissing the petition.

**{11} IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**