**UNITED STATES of America, Appellee,**

v.

**Clarence Keith WALLER, Appellant.**

**No. 9066.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 14, 1963.

Decided Dec. 30, 1963.

Harold J. Goodman, Norfolk, Va. (Court-assigned counsel), for appellant.

Roger T. Williams, Asst. U. S. Atty., and C. V. Spratley, Jr., U. S. Atty., for appellee.

Before HAYNSWORTH and BRYAN, Circuit Judges, and CRAVEN, District Judge.

PER CURIAM.

Waller was convicted of robbery within the territorial jurisdiction of the United States at Norfolk Naval Base, Norfolk, Virginia.

At the trial, the victim of the robbery, Linwood L. Nixon, testified substantially as follows:

He is a cab driver, and at 10:25 P.M. on May 7, 1963, he picked up two men at the Monticello cab stand, one of whom was in Navy uniform; he drove them to Barrack N at the Norfolk Naval Base. Just as he stopped his cab, he was struck on the head; he was warned by his assailant that if he turned around toward the back seat, he would be hit again. He was told to hand over his money and did so. The two men in the back seat then jumped from the car and ran. He called for police, waited for their arrival, and then was taken to the base dispensary for medical attention. Later in the night he went to the Norfolk General Hospital and the attending physician sutured a laceration on the back of his head.

A Dr. Weston testified that he was on duty at the Norfolk General Hospital that night and had taken care of Nixon's head injury in the early morning hours of May 8, 1963. It was his opinion that

the injury had been inflicted within a "few hours" of the time of treatment.

Mr. Lee Bond, a member of the Special Police Force at the Naval Base, testified that he was dispatched at 10:45 P.M. on May 7, 1963, to investigate an alleged assault and robbery in the vicinity of Barrack N; that upon his arrival there, he found the injured Nixon and his cab. He further testified that he examined the contents of Nixon's cab and found on the back floorboard a chair leg. The Government offered the chair leg in evidence.

The Government's final witness was William P. Truckner, Special Agent with the Federal Bureau of Investigation. His testimony was that he interviewed Waller on May 8, 1963. During the course of the interview, and after having been informed of his lawful rights, Waller furnished Truckner with a signed statement admitting that he and one Jones planned and committed the robbery of Nixon.

Over defense counsel's objection, the trial judge admitted Waller's signed confession into evidence and allowed Truckner to read it to the jury. Defendant's appeal to this court is premised on his assertion that the Government's evidence aliunde the confession was not sufficient to corroborate it and for that reason the trial judge erred in admitting the confession in evidence. We do not agree.

The United States Supreme Court held in Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954), that it was not necessary that the corroborative evidence "be sufficient, independent of the statements, to establish the corpus delicti." In the same case, the Court pronounced this rule: "It is sufficient if the corroboration supports the essential facts *admitted* sufficiently to justify a jury inference of their truth." 348 U.S. 84, 93; 75 S.Ct. 158, 164, 99 L.Ed. 101, 109. (Emphasis added.) The Court's reasoning behind the above decision has been recently reiterated in Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, 456. (1963) and reaffirmed.

■ All that is required under Opper is that there be sufficient corrobora-tion of the confession (or admission) to indicate that it is trustworthy, but the corroborating evidence need not, itself, establish every element of the offense. Waller's confession is abundantly corroborated. The facts detailed therein coincide precisely with the facts shown aliunde. There is a strong inference that the defendant could not have known of such detailed facts but for his participation in the crime. We are satisfied that Waller's confession was substantiated by corroborative evidence tending "to establish the trustworthiness" of it. More is not required. Opper v. United States, supra; French v. United States, 232 F.2d 736 (5th Cir. 1956); United States v. Sapperstein, 312 F.2d 694 (4th Cir. 1963).

Affirmed.