**UNITED STATES of America**

v.

**John DOE, A Juvenile Defendant.**

**Crim. Nos. 2:99M00073, 2:99M00074 and 2:99M00075.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

April 5, 2000.

S. Randall Ramseyer, Rick Mountcastle, Assistant U.S. Attorneys, Abingdon, VA, for Plaintiff.

Stephen J. Kalista, Big Stone Gap, VA, for Defendant.

## MEMORANDUM OPINION

SARGENT, United States Magistrate Judge.

### I. Background and Facts

This case came to be heard before the court on February 16, 2000, at which time the Defendant, a juvenile at the time of the alleged offenses,[1] pled not guilty to three Violation Notices, each of which charged the Defendant with a traffic-related petty offense. *See* 36 C.F.R. § 1.3(a) (1999)(covering offenses within the jurisdiction of the National Park Service). These Violation Notices charged the Defendant with operating an all-terrain vehicle, ("ATV"), on a public road in violation of 36 C.F.R. § 4.2, which incorporates KY. REV. STAT. ANN. § 189.515(1), operating a motor vehicle without a license in violation of 36 C.F.R. § 4.2, which incorporates KY. REV. STAT. ANN. § 186.410[2], and failing to wear a helmet in violation of 36 C.F.R. § 4.2, which incorporates KY. REV. STAT. ANN. § 189.515(4)[3], all within the confines of the Cumberland Gap National Park, ("the Park"), on June 17, 1999. *See* 36 C.F.R. § 4.2 (1999). At the close of the Government's evidence, defense counsel moved for judgment of verdict of acquittal based upon his argument that the defendant's confession was an insufficient basis for a conviction. The court took the motion under advisement, and the defendant presented no evidence.

National Park Service Law Enforcement Ranger Dirk Wiley was the only witness called to testify at the February 16, 2000, trial of this matter. Wiley testified that he was called to the scene of an accident on June 17, 1999, on Bell County, Kentucky, Road 988 within the confines of the Park.[4] Wiley stated that, when he arrived at the scene, he found a van which had sustained damage to its front driver's side. He also observed debris in the roadway. A little further down the road, Wiley found an abandoned ATV. This ATV had sustained damage on its front which contained paint markings matching the damaged van. Wiley was informed that the driver of the ATV had fled into the Park.

Later that evening, Wiley was present when a Middlesboro, Kentucky, police officer interviewed the Defendant at the Middlesboro Police Department concerning his knowledge of this accident. According to Wiley, the Defendant, who was in custody at the time, and his mother were present for the interview. The Middlesboro police officer informed the Defendant of his right to counsel and his right to remain silent. Wiley stated that the Defendant waived these rights and voluntarily spoke with the police officer concerning the accident.

Wiley testified that the Defendant admitted that, earlier that day, he and another juvenile had driven two ATVs down a set of railroad tracks to County Road 988. The Defendant stated that he and the other juvenile were riding the ATVs down County Road 988 when the other juvenile swung his ATV wide on a curve and collid-

---

1. The Defendant was 17 years old on the date of the alleged offenses. Subsequent to the alleged offense date and prior to his trial, the Defendant turned 18. At his initial court appearance, the Defendant stated his desire to be proceeded against as a juvenile. *See* 18 U.S.C.A. § 5032 (West Supp.1999.)

2. The Violation Notice issued on this charge incorrectly cited KY. REV. STAT. ANN. § 186.140 rather than § 186.410. The court granted the Government's motion to amend this Violation Notice to reflect the correct code section on November 17, 1999.

3. The Violation Notice issued on this charge incorrectly cited KY. REV. STAT. ANN. § 189.515(2) rather than § 189.515(4). The Defendant has raised no objection to this error, and the court will amend the Violation Notice to reflect the correct code section prior to entry of judgment.

4. The Cumberland Gap National Park spans land in the Western District of Virginia, Eastern District of Kentucky and Eastern District of Tennessee. Pursuant to order entered December 28, 1993, in each of these districts, the undersigned, along with magistrate judges in the other districts, have been granted multi-district authority to proceed in matters arising within the confines of the Park.

ed with the oncoming van. The Defendant stated that he stopped long enough to determine if the other juvenile was injured and then he drove his ATV on down County Road 988 and exited the Park. Wiley stated that the Defendant admitted that he was not wearing a helmet when he rode the ATV on County Road 988 within the Park. Wiley stated that the Defendant also admitted that he did not possess a driver's license. Wiley stated that he later confirmed that the Defendant, a Kentucky resident, did not possess a valid Kentucky driver's license. Neither the Government, nor the Defendant presented any other evidence for the Court's consideration.

## II. Analysis

The Defendant argues that he may not be convicted based on the above evidence because, other than his confession, there is no independent evidence proving the corpus delicti of the crimes with which the Defendant was charged. The Government argues that it has presented evidence corroborating the truthfulness of the Defendant's confession and that the Defendant may be convicted on the basis of his corroborated confession alone. It is important to note that the Defendant does not contest the truthfulness of his confession; nor does he assert that his confession was not given voluntarily. Instead, the Defendant argues that he may not be convicted absent some independent showing that the crimes with which he was charged actually occurred.

The Government argues that the Supreme Court's opinion in *Opper v. United States,* 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954), repudiated the requirement that evidence, independent of a defendant's confession, must establish the corpus delicti of a crime, i.e. that a specific injury, loss or harm had occurred and that this injury, loss or harm was caused by criminal agency rather than by an innocent or accidental one, *see Government of Virgin Islands v. Harris,* 938 F.2d 401, 408 (3rd Cir.1991), before a defendant's confession could be admitted to link the defendant to the crime. (Memorandum Of The

United States Opposing Defendant's Motion For Judgment Of Acquittal, ("the Government's Brief") (Docket Item No. 6), at 3.) In *Opper* the Supreme Court stated:

> ... [W]e think the better rule to be that the corroborative evidence need not be sufficient, independent of the [defendant's] statements, to establish the corpus delicti. It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement. Thus, the independent evidence serves a dual function. It tends to make the admission reliable, thus corroborating it while also establishing independently the other necessary elements of the offense. *Smith v. United States,* 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192.... It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth. Those facts plus the other evidence besides the admission must, of course, be sufficient to find guilt beyond a reasonable doubt.

348 U.S. at 93, 75 S.Ct. 158. The *Smith* case cited by the Court in the above passage refers to a case decided by the Court on the same day as *Opper. See Smith v. United States,* 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954).

In *Smith* the Court stated:

> There has been considerable debate concerning the quantum of corroboration necessary to substantiate the existence of the crime charged. It is agreed that the corroborative evidence does not have to prove the offense beyond a reasonable doubt, or even by a preponderance, as long as there is substantial independent evidence that the offense has been committed, and the evidence as a whole proves beyond a reasonable doubt that defendant is guilty.... In addition to differing views on the substantiality of specific independent evidence, the debate has centered largely about two questions: (1) whether corroboration is necessary for all elements of the offense

**557**

established by admissions alone, ... and (2) whether it is sufficient if the corroboration merely fortifies the truth of the confession, without independently establishing the crime charged.... We answer both in the affirmative. All elements of the offense must be established by independent evidence or corroborated admission, but one available mode of corroboration is for the independent evidence to bolster the confession itself and thereby prove the offense 'through' the statements of the accused.

348 U.S. at 156, 75 S.Ct. 194. The Court in *Smith,* however, recognized that application of this rule to cases such as tax evasion, which have no tangible injury which can be isolated as the corpus delicti of the crime, could be difficult. 348 U.S. at 154, 75 S.Ct. 194.

Subsequent to these opinions, the lower federal courts have struggled to determine what, if any, requirement remains for independent proof that a crime has been committed, prior to the admission of a defendant's statement linking him to the crime. *See United States v. Fearn,* 589 F.2d 1316, 1321–22 (7th Cir.1978); *Sklar v. Ryan,* 752 F.Supp. 1252, 1265–66 (E.D.Pa.1990), *aff'd,* 937 F.2d 599 (3rd Cir.1991). This struggle has been fueled to an extent by subsequent Supreme Court opinions which have hinted that the so-called "corpus delicti rule" survives. For instance, in a footnote in *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), the Court stated:

Where the crime involves physical damage to person or property, the prosecution must generally show that the injury for which the accused confesses responsibility did in fact occur, and that some person was criminally culpable.... There need in such a case be no link, outside the confession, between the injury and the accused who admits having inflicted it. But where the crime involves no tangible corpus delicti, we have said that 'the corroborative evidence must implicate the accused in order to show that a crime has been committed.'...

371 U.S. at 489 n. 15, 83 S.Ct. 407 (citations omitted).

While at least one Circuit Court of Appeals has unequivocally stated that "the corpus delicti rule no longer exists in the federal system," *United States v. Kerley,* 838 F.2d 932, 940 (7th Cir.1988); *see also Harris,* 938 F.2d at 409–10 (describing federal abandonment of corpus delicti rule); *United States v. Johnson,* 589 F.2d 716, 718–19 (D.C.Cir.1978) (describing federal abandonment of corpus delicti rule), neither the Supreme Court, nor the Fourth Circuit, has so clearly pronounced the death of the rule. In *United States v. Waller,* the Fourth Circuit stated that, under the Supreme Court's ruling in *Opper,* a trial judge did not err by admitting a defendant's confession into evidence when it was "substantiated by corroborative evidence tending 'to establish the trustworthiness' of it." 326 F.2d 314, 315 (4th Cir. 1963) (quoting *Opper,* 348 U.S. at 93, 75 S.Ct. 158). The court in *Waller,* however, did not consider the question of what, if any, independent evidence had to be shown to establish the fact that a crime had been committed to sustain a conviction based in large part on a defendant's confession. Also, in *Waller,* there was overwhelming evidence that a crime had been committed by someone and the defendant's statements there were used only to link him to the crime. 326 F.2d at 314–15.

Furthermore, the Fourth Circuit in *Waller* cited its opinion issued earlier that same year in *United States v. Sapperstein,* 312 F.2d 694 (4th Cir.1963). 326 F.2d at 315. In *Sapperstein,* which was issued more than eight years after the Supreme Court's opinions in *Opper* and *Smith,* the Fourth Circuit stated that "in order to be admissible, an extrajudicial confession must be corroborated *as to the corpus delicti.*" 312 F.2d at 696 (emphasis added). While more recent Fourth Circuit opinions reference the so-called "trustworthiness rule" set out in *Opper* and *Smith, see, e.g., United States v. Hall,* 396 F.2d 841, 844–45 (4th Cir.1968), I can find no

case in which the Fourth Circuit has repudiated its holding in *Sapperstein*. In fact, the Fourth Circuit's opinion in *Hall* makes a point of noting that in that case "there was undisputed and detailed evidence, independent of [the defendant's] confession, to show that a robbery of the bank had been committed and the confession of [the defendant] was not necessary to the establishment of the crime itself." 396 F.2d at 844–45.

 It is against this legal backdrop that I must, first, determine the applicable rule of law and, second, analyze the facts of this case. Based on my research, I am persuaded that independent evidence of the corpus delicti of a crime is no longer required in federal court. *See Harris*, 938 F.2d at 408–10. Instead, I believe a court must first consider whether a defendant's statement, whether an admission or confession, is sufficiently corroborated by "substantial independent evidence" to establish its "trustworthiness." *See Harris*, 938 F.2d at 409–10. Furthermore, while this "substantial independent evidence" many times may establish the necessary elements of an offense, it need not do so. *See Harris*, 938 F.2d at 409–10. Nor must it prove that a crime has occurred, but rather it must merely corroborate the truthfulness of the defendant's statements. *See Harris*, 938 F.2d at 409–10. Once a defendant's admission or confession has been admitted under this rule, the court then may view all the evidence, including the defendant's statements, in order to determine if all the elements of the crime have been proven beyond a reasonable doubt. *See Harris*, 938 F.2d at 409–10.

 Applying this rule of law to the facts of this case, I find that the Government presented sufficient evidence to prove each of the elements of each of the crimes charged against the Defendant beyond a reasonable doubt, and I will deny the Defendant's motion for judgment of acquittal. In particular, the Defendant told the Middlesboro police that, while he was driving an ATV, without a helmet and without a driver's license, on a particular

public road within the confines of the Park, he witnessed a collision between another ATV and a van. Ranger Wiley testified that he had personally observed a damaged van, damaged ATV and debris in this particular public road within the confines of the Park earlier in the day. Wiley also testified that he had confirmed that the Defendant did not possess a valid Kentucky driver's license. I find that this evidence sufficiently corroborates the trustworthiness of the Defendant's statements to make them admissible. I also find that the defendant's admissions that he rode an ATV on a public road within the confines of the Park on June 17, 1999, without a helmet and without a valid driver's license prove his guilt of the crimes charged beyond a reasonable doubt.

### III. Conclusion

Based on the above-stated reasons, I will deny the Defendant's motion for judgment of acquittal. An appropriate order will be entered.