**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4882**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

    v.

SAEED ABDUL MUHAMMAD,

  Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:08-cr-00146-REP-1)

Submitted:  July 13, 2009               Decided:  July 24, 2009

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Shannon L. Taylor, Richmond, Virginia, for Appellant.  Dana Boente, Acting United States Attorney, Roderick C. Young, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Saeed Abdul Muhammad appeals his conviction and life sentence after he was convicted by a jury of one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 846 (2006), and possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (2006). Muhammad's sole argument on appeal is that the district court erred when it denied his Fed. R. Crim. P. 29 motion for judgment of acquittal because he asserts that there was insufficient evidence to support his conspiracy to distribute cocaine base conviction. Finding no error, we affirm.

We find that the Government presented ample evidence to establish that Muhammad engaged in a conspiracy to distribute fifty grams or more of cocaine base. Although Muhammad correctly asserts that he could not be convicted of a conspiracy to distribute cocaine base if the only other member of the conspiracy was a confidential informant, see United States v. Chase, 372 F.2d 453, 459 (4th Cir. 1967), Muhammad's argument that the Government presented no other evidence, circumstantial or otherwise, to establish the existence of other members of the conspiracy does not withstand scrutiny.

2

To the contrary, the Government established that Muhammad used homes belonging to two other individuals to conduct his drug transactions; used one of those individuals to distribute cocaine base on Muhammad's behalf on at least one occasion; and confessed to officers that he had been dealing cocaine base for approximately six months, purchased more than fifty grams of powder cocaine from a distributor in Maryland, purchased from a distributor in Virginia, and that he used a friend's home to prepare cocaine base. Since the evidence also established that cocaine like that converted by Muhammad could not have been grown locally, the logical inference was that Muhammad obtained the large amounts of cocaine from another individual who, based on the amount of drugs purchased, likely knew that Muhammad would distribute the drug.

Additionally, although a criminal conviction cannot validly rest solely upon an uncorroborated confession, United States v. Abu Ali, 528 F.3d 210, 234 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009), we find that the Government offered sufficient independent circumstantial evidence tending to establish the trustworthiness of Muhammad's confession. "[C]orroborating evidence need not, itself, establish every element of the offense." United States v. Waller, 326 F.2d 314, 315 (4th Cir. 1963). Rather, "extrinsic proof" is sufficient if it "merely fortifies the truth of the confession, without

3

independently establishing the crime charged." Wong Sun v. United States, 371 U.S. 471, 489 (1963) (internal quotation marks and citation omitted). In other words, corroborative evidence will be adequate if it "supports the essential facts admitted sufficiently to justify a jury's inference of their truth." Opper v. United States, 348 U.S. 84, 93 (1954); see also Warring v. United States, 222 F.2d 906, 911 (4th Cir. 1955) (holding that corroborative evidence "need not be proof of the offense beyond a reasonable doubt, but need only tend to support the admitted fact"). Circumstantial evidence can be used to corroborate a confession. Abu Ali, 528 F.3d at 236 (citations omitted).

In light of testimony regarding the extent and locations of Muhammad's drug sales between January 18 through February 27, 2008, the inability to grow the cocaine locally, and the marked bills and amount of drugs recovered from Muhammad on the day of his arrest, we find that sufficient evidence exists to allay any concerns about the veracity or trustworthiness of Muhammad's confession.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4