RICHARDSON, Circuit Judge, dissenting:
 

 Historically, juries have given tremendous weight to defendants' confessions when determining guilt, often considering them to be incontrovertible evidence. Juries today continue to do so. For this reason, under longstanding Supreme Court precedent, a prosecutor seeking to admit a defendant's out-of-court confession must provide evidence showing that the confession is trustworthy. But that evidence need not independently prove the "corpus delicti"-that is, the "body of the crime"-as American common law once required. Nor must it corroborate every element of the crime at issue. Rather, the prosecutor need only offer independent evidence that tends to show that the confession is trustworthy. My colleagues in the Majority rewrite this rule, reviving and expanding the old corpus delicti doctrine by demanding evidentiary proof, independent of his many admissions, that Rodriguez-Soriano violated each element of the crime. I respectfully dissent.
 

 I.
 

 In the seventeenth century, the English courts established a common law rule requiring the prosecutor in a homicide case to prove the corpus delicti through evidence other than a defendant's out-of-court confession.
 
 [1]
 
 Known as the corpus delicti doctrine, the rule sought to ensure that a defendant would not be punished for allegedly killing someone who was actually alive but missing.
 
 [2]
 
 To avoid this result, prosecutors seeking to prove homicide needed corroboration, and the quintessential example has always been the body of the victim. But requiring a body in every homicide case would have led to untenable and unjust results. So the prosecution was not always required to provide a corpse to prove the corpus delicti of a homicide.
 
 Captain Green's Trial
 
 , 14 How. St. Tr. 1199, 1246 (Scot. Adm. 1705);
 
 see also
 

 United States v. Gibert
 
 ,
 
 25 F. Cas. 1287
 
 , 1290 (C.C.D. Mass. 1834) (Story, J.) (noting that categorically requiring a body "would amount to a universal condonation of all murders committed on the high seas"). Ultimately, English courts were cautious in adopting the corpus delicti doctrine:
 

 some rejected it altogether, while others applied it only in murder and bigamy prosecutions. 3 WIGMORE, EVIDENCE § 2070, at 2778-79 (1904); Note,
 
 Proof of the Corpus Delicti Aliunde the Defendant's Confession
 
 , 103 U. PA. L. REV. 638, 640 (1955).
 

 Many American courts enthusiastically adopted the corpus delicti doctrine, expanding it well beyond its historical roots. For instance, they applied it to nonviolent crimes.
 
 See, e.g.
 
 ,
 
 Forte v. United States
 
 ,
 
 94 F.2d 236
 
 (D.C. Cir. 1937) (knowing interstate transportation of a stolen motor vehicle). And they expanded the concept of the "corpus delicti" to include not just the physical facts of the crime, but also criminal agency; in the example of a murder case, not only must the victim be dead, the evidence must suggest foul play as opposed to a natural or accidental death.
 
 See
 

 id.
 

 at 243-44
 
 .
 

 In 1954, the Supreme Court rejected the expanding corpus delicti doctrine.
 
 Opper v. United States
 
 ,
 
 348 U.S. 84
 
 , 93,
 
 75 S.Ct. 158
 
 ,
 
 99 L.Ed. 101
 
 (1954) ;
 
 see also
 

 United States v. Abu Ali
 
 ,
 
 528 F.3d 210
 
 , 235 (4th Cir. 2008) ("[T]he Supreme Court resolved this question for federal courts by rejecting the
 
 corpus delicti
 
 rule ...."). The Court instead adopted a more limited requirement that the prosecution introduce independent evidence that "would tend to establish the trustworthiness of the [defendant's] statement."
 
 Opper
 
 , 348 U.S. at 93,
 
 75 S.Ct. 158
 
 . This evidence "need not be sufficient, independent of the statements, to establish the corpus delicti."
 

 Id.
 

 Instead, it need only "support[ ] the essential facts admitted sufficiently to justify a jury inference of their truth."
 

 Id.
 

 Of course, the prosecution must still produce independent evidence to establish beyond a reasonable doubt any elements not addressed by the confession.
 

 Id.
 

 at 94
 
 ,
 
 75 S.Ct. 158
 
 .
 

 The Court elaborated on the degree of corroboration required in
 
 Smith v. United States
 
 , a companion case handed down the same day as
 
 Opper
 
 .
 
 348 U.S. 147
 
 ,
 
 75 S.Ct. 194
 
 ,
 
 99 L.Ed. 192
 
 (1954). It explained that all "elements of the offense must be established by independent evidence or corroborated admissions, but one available mode of corroboration is for the independent evidence to bolster the confession itself and thereby prove the offense 'through' the statements of the accused."
 
 Id.
 
 at 156,
 
 75 S.Ct. 194
 
 . As the Supreme Court would later explain, "extrinsic proof [is] sufficient which merely fortifies the truth of the confession, without independently establishing the crime charged."
 
 Wong Sun v. United States
 
 ,
 
 371 U.S. 471
 
 , 489,
 
 83 S.Ct. 407
 
 ,
 
 9 L.Ed.2d 441
 
 (1963).
 

 The facts of
 
 Opper
 
 and
 
 Smith
 
 show just how tenuous this corroborating evidence can be. In
 
 Opper
 
 , the defendant was convicted of bribery for paying a government employee to select his stock of goggles for purchase by the Air Force. The defendant admitted to the FBI that he had handed the employee cash, but insisted it was merely a friendly loan. And the prosecution's independent evidence only proved that the defendant cashed a check for himself (corresponding to an amount he had admitted he had given to the employee), that there was contact between the defendant and the employee, and that the initial rejection of the defendant's goggles was overturned at the employee's urging. This independent evidence tended to support only circumstantially the defendant's single admission that he paid the money. The Supreme Court nonetheless held that there was "substantial independent evidence to establish directly the truthfulness of [the] petitioner's admission."
 
 Id.
 
 at 93-94,
 
 75 S.Ct. 158
 
 . And the jury was therefore justified in relying on this extrajudicial admission.
 

 The connection in
 
 Smith
 
 was even more attenuated. There, the defendant was accused of criminal tax evasion during a five-year period. The government's case substantially relied on one statement by the defendant describing his specific net worth at the beginning of this period-which, if proven, would show that his reported income was too low to explain his high net worth at the end of this period. The Supreme Court held that the government had sufficiently corroborated this lone admission in two independent ways.
 

 First, the government had bolstered the admission through his prior tax filings, which showed only minimal income. 348 U.S. at 157,
 
 75 S.Ct. 194
 
 . The Court determined that those tax filings corroborated another extrajudicial statement by the defendant about his limited work history, which together adequately corroborated that the defendant had a low net worth at the beginning of the relevant period. And the general suggestion that he had a low net worth was enough to corroborate the specific net worth statement to which the defendant had admitted.
 

 Second, and independently, the Court in
 
 Smith
 
 held that the government adequately corroborated his opening net worth by presenting evidence that "tend[ed] to establish the crime of tax evasion without resort to the net worth computations."
 

 Id.
 

 at 158
 
 ,
 
 75 S.Ct. 194
 
 . The government had presented evidence that, during the five-year period, the defendant and his wife started a business that kept no financial records, opened many bank accounts, added a lot of money to those bank accounts, and made other substantial expenditures. The Court noted that these acts "might not, of themselves, suffice to support a conviction of tax evasion without evidence of a starting point indicating a lack of funds from which these payments might have come."
 

 Id.
 

 at 159
 
 ,
 
 75 S.Ct. 194
 
 . Though these facts were only loosely related to the net-worth statement that the prosecution sought to corroborate, the Court still held that this evidence was sufficient.
 

 Id.
 

 II.
 

 Here Rodriguez-Soriano was charged with making a false statement about being the actual purchaser during a firearm purchase in violation of
 
 18 U.S.C. § 924
 
 (a)(1)(A). The elements of this crime require the defendant to (1) knowingly make a false statement or representation (2) to a federal firearms licensee (3) about the information that the law requires such licensees to keep. Rodriguez-Soriano confessed to all of his conduct in committing this crime: he admitted that he had agreed to buy two guns for an acquaintance named Ron, that he bought Ruger and Hi-Point 9mm handguns in July 2015 at Gander Mountain, that he filled out and signed ATF Form 4473 when buying the handguns (stating that the guns were for himself), and that he gave the two guns to Ron right after making the purchase.
 

 Evidence independent of his confession confirmed the
 
 essential
 
 facts to which Rodriguez-Soriano admitted. This independent evidence confirmed that he did in fact purchase two guns at the same time, that the guns he bought were Ruger and Hi-Point 9mm handguns, that he did so in July 2015 at Gander Mountain, and that he filled out and signed ATF Form 4473 when he bought the guns.
 

 Nothing more is required. The independent evidence need not confirm every detail from the defendant's admissions. Rather, "independent corroboration of one part of the statement may corroborate the entire statement."
 
 United States v. Brown
 
 ,
 
 617 F.3d 857
 
 , 863 (6th Cir. 2010) (citing
 
 Smith
 
 , 348 U.S. at 156,
 
 75 S.Ct. 194
 
 ).
 

 Indeed, we have continually acknowledged that corroborative evidence need not establish every element of a criminal offense.
 
 United States v. Stephens
 
 ,
 
 482 F.3d 669
 
 , 672 (4th Cir. 2007) (citing
 
 United States v. Waller
 
 ,
 
 326 F.2d 314
 
 , 315 (4th Cir. 1963) ). An element of the crime may be proven entirely based on the defendant's confession so long as the confession is otherwise corroborated.
 
 See
 

 United States v. Irving
 
 ,
 
 452 F.3d 110
 
 , 118 (2d Cir. 2006) (noting that a defendant's "confession, if proven reliable, may serve as the only evidence reaching the
 
 corpus delicti
 
 ");
 
 United States v. Fujii
 
 ,
 
 301 F.3d 535
 
 , 541 (7th Cir. 2002) (acknowledging that "some elements of the offense may be proven entirely on the basis of" the corroborated confession);
 
 United States v. Gravitt
 
 ,
 
 484 F.2d 375
 
 , 381 (5th Cir. 1973) ("If there is extrinsic evidence tending to corroborate the confession, the confession as a whole is admissible; and some elements of the offense may be proven entirely on the basis of a corroborated confession.");
 
 United States v. Wilson
 
 ,
 
 436 F.2d 122
 
 , 124 (3d Cir. 1971) ("[T]o corroborate a confession or admission, it is unnecessary for the prosecutor to introduce substantial independent evidence of each element of the offense with which the defendant is charged."). The independent evidence need only reinforce the credibility of the defendant's statement, not independently establish each element of the offense.
 

 The Majority dismisses all of this, concluding that "[t]here is no corroboration demonstrating that the transaction was a straw purchase ...." Majority Op. at 288.
 
 [3]
 
 In doing so, the Majority requires corroboration of Rodriguez-Soriano's mental state (
 
 i.e.
 
 , that he intended to buy the guns for another person). This misconstrues the correct standard, instead describing a new rule that requires formal proof of a crime's every element. But only the essential facts of the confession must be corroborated, not every element of the offense. It is thus of no consequence that he engaged in "a facially legal purchase."
 

 And even if corroboration of Rodriguez-Soriano's mental state is required, we in fact have independent corroborative facts that tend, though only weakly, to show that he did not buy the guns for himself. First, consider the simple fact that a 23-year-old simultaneously bought two inexpensive, interchangeable handguns for over $500. Next, Rodriguez-Soriano did not produce the guns when the agents arrived to ask about them-tending to show that he no longer had them, and accordingly, that he never intended to keep them in the first place. The Majority contends that the prosecution needed Rodriguez-Soriano's admission to prove this fact. Not so. It is an objective fact that agents visited Rodriguez-Soriano and that he did not produce the guns. His admission was unnecessary to prove that point.
 
 Cf.
 

 Smith
 
 , 348 U.S. at 159,
 
 75 S.Ct. 194
 
 (finding a defendant's lack of business records to be corroborative evidence of the crime of tax evasion). Finally, ATF Form 4473 indirectly corroborates his confession by tending to show the story he first gave the agents-that a friend broke into his house and stole the guns-was false. That is because the form shows that he bought both guns together, something he initially
 lied about but later admitted.
 
 Cf.
 

 id.
 

 at 157-59
 
 ,
 
 75 S.Ct. 194
 
 (using a corroborated admission to corroborate another admission).
 

 Despite all this, the Majority suggests that
 
 United States v. Stephens
 
 compels us to overturn the jury's guilty verdict.
 
 Stephens
 
 involved a man who confessed to buying drugs and shooting at a certain drug dealer's car after being arrested near where several gunshots were heard.
 
 482 F.3d at 671
 
 . But at trial, the man testified that he had lied to law enforcement about shooting at the drug dealer, and instead that he had merely fired a gun into the air to test it. He was convicted both of conspiracy to distribute cocaine and of using a firearm in relation to a drug trafficking crime. This Court reversed his convictions, reasoning that there was inadequate corroborative evidence linking him to the drug trade (or linking him to the drug dealer specifically): there was only evidence connecting him to the firearm.
 

 Id.
 

 at 673
 
 . We concluded that the evidence that the man fired a gun outside did not sufficiently support the essential facts of the drug crimes for which he was convicted. And as such, we found his confession to be uncorroborated. But while the prosecution in
 
 Stephens
 
 provided practically no evidence to help establish the trustworthiness of the man's initial confession, and no evidence at all that he was involved in the drug trade, the prosecution here provided independent evidence that corroborated all of Rodriguez-Soriano's conduct in committing the crime: the only thing the prosecution purportedly failed to corroborate was his mental state when he filled out ATF Form 4473. This corroborating evidence was more than enough to help establish his candor, and accordingly, his confessions properly supported his conviction.
 

 * * *
 

 A defendant may not be convicted based solely on an uncorroborated confession. But the law does not require a prosecutor to convict a defendant before a jury may hear his confession. Instead, the law takes a middle ground between these two extremes, merely requiring evidence that tends to establish the trustworthiness of the confession. This rule helps to ensure that defendants are not convicted based on false confessions, while also not hampering the search for truth with an unreasonable evidentiary burden. As the evidence offered here adequately corroborated Rodriguez-Soriano's confessions, I respectfully dissent.
 

 Roman law similarly provided that a judgment could not rest just on a naked extrajudicial confession, which was considered to be
 
 semiplena probatio
 
 (
 
 i.e.
 
 , "half proof") unless "voluntarily made, in the presence of the injured party, or, if reiterated at different times in his absence, and persisted in." 1 Simon Greenleaf & Simon Greenleaf Croswell , A Treatise on the Law of Evidence § 217, at 278 (14th ed. 1883);
 
 see also
 
 Robert E. Ireton,
 
 Confessions and Corpus Delicti
 
 , 6 Det. L. Rev. 92, 93-94 (1936).
 

 Some credit Lord Hale as the originator of the doctrine, as he wrote: "I would never convict any person of murder or manslaughter, unless the fact were proved to be done, or at least the body found dead." 2 Matthew Hale, Historia Placitorum Coronæ : The History of the Pleas of the Crown 290 (S. Emlyn ed., 1736). Hale justified his position on two stories where purported murder victims returned to town, very much alive, after others had been executed for their "murders."
 

 Id.
 

 Both stories, however, involved prosecutions based on circumstantial evidence rather than false confessions.
 

 The Majority's language is telling: it variously complains that the corroborative evidence does not "demonstrat[e]," "prove," and "establish." Majority Op. at 288, 290. But the Supreme Court has held that the corroborative evidence need not itself "establish" anything-it is enough if it "
 
 tends
 
 to establish" the trustworthiness of the confession by bolstering its essential facts.
 
 Opper
 
 , 348 U.S. at 93,
 
 75 S.Ct. 158
 
 (emphasis added);
 
 see also
 

 Warring v. United States
 
 ,
 
 222 F.2d 906
 
 , 911 (4th Cir. 1955) (noting that "corroboration is needed only to allay suspicion of the veracity of the admission").